IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:12CV239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LESLEY DOUGLAS, CANILA, | ) | |
| Judges, LOHAUS, Judges, BAZIS, | ) | |
| Judges, ATKINS, Judges, and | ) | |
| SHERIFF, | ) | |
| | ) | |
| Defendants. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner alleges that he was arrested on April 30, 2012, and put in "debtors prison" for failure to pay a $100.00 fine. (*Id.*) Petitioner has since been released, but alleges he is subject to jail again if he does not pay the fine by August 24, 2012. (*Id.* at CM/ECF p. 2.)

A habeas corpus action "is an attack by a person in custody upon the legality of that custody." *Presier v. Rodriguez*, 411 U.S. 475, 484 (1973). In order to be in custody, there must have been a "significant restraint" on one's liberty. *Russell v. City of Pierre, South Dakota*, 530 F.2d 791, 792 (8th Cir. 1976) (finding a $25 fine was not a significant restraint on one's liberty); *Snelling v. State of Missouri*, 26 F.3d 127 (8th Cir. 1994) (unpublished table decision) (finding a $150 fine was not a significant restraint); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes.").

Here, Petitioner does not allege that he is challenging the validity of his conviction but instead appears to be challenging the state court's prospective ability to confine him for failing to pay the fine by August 24, 2012. (Filing No. 1 at CM/ECF pp. 2-3.) Nothing in the record indicates that Petitioner is currently in custody. A person who is threatened with confinement for failing to pay a fine is not "in custody" if the threat of confinement is "no more than a speculative possibility." *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir.

1975). The habeas custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court, San Jose-Milpitas Judicial District, Santa Clara*, 411 U.S. 345, 351 (1973). Because it "is an extraordinary remedy[,] . . . its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which restraints on liberty are neither severe nor immediate." *Id.*

Here, Petitioner has failed to allege sufficient facts to demonstrate that he is challenging anything more than the state's ability to confine him in the future, and therefore, Petitioner's claim is not cognizable in a federal habeas action. Specifically, he fails to demonstrate that "debtor's prison" is a severe or immediate restraint on his liberty. Therefore, his Petition will be dismissed.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court determines that Petitioner's claims are not cognizable in a federal court habeas corpus action and his Petition is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of July, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.